L. Kingsley Smith, J.
Motion by the plaintiff to strike out the defendants’ answer and for summary judgment and cross motion by the defendants dismissing the plaintiff’s complaint and for summary judgment are in all respects denied.
This is a foreclosure action in which the defendants Sidney Schucher and Nettie Schucher executed a mortgage note and mortgage on July 28, 1960 to the plaintiff in order to secure the payment of a loan made by the plaintiff to one, Leo G-rabell. Upon default in payment by the borrower, Mr. Grabell, this action was instituted against the defendants. The answer interposed on their behalf contains the affirmative defense of usury and in addition the defense that plaintiffs are in possession of other security posted by the borrower which plaintiff still retains or has dissipated and has failed to apply in payment of the obligation to them from the borrower. These defenses arise from the claim of the defendants that although the loan was in the sum of $7,500, the borrower only received the sum of $6,750. It is further claimed that this difference of $750 was required to be invested in shares of the plaintiff Credit Union and to serve as additional security for the underlying obligation of the borrower, Mr. Grabell. The mortgage note and the mortgage both set forth as the rate of interest the sum of five sixths of 1% per month for a total sum of 10% per annum.
The defendants argue first that the rate of interest specified in the mortgage note and the mortgage is in excess of 6% per annum, the legal rate in the State of New York. It is further argued that even if the Federal law is properly applicable in determining the legality of the rate of interest charged, when the .sum of $750, alleged by the defendants to have been an illegal charge, is added to the sum of five sixths of 1% per month, the legal rate of interest authorized by Federal law was exceeded.
The plaintiff is a loan association created under Federal statute (U. S. Code, tit. 12, § 1751 et seq.), and is not subject to the usury laws of the State in which its office is located. This, is the rule applied in cases involving national banks similarly organized under Federal law (U. S. Code, tit. 12, § 21 et seq.) and the court discerns no reason why a different principle should be applied to Federal credit unions (cf. Van Pelt v. P & L Fed. Credit Union, 39 Tenn. App. 363). When dealing with transactions concerning national banks, the courts have consistently held that the Federal law is controlling since the borrower’s rights are created and his remedies prescribed by that law. *370 (Rockland-Atlas Nat. Bank of Boston v. Murphy, 329 Mass. 755, and cases cited at p. 756.) The Federal Credit Union Act authorizes credit unions to charge interest at rates not exceeding 1% per month on unpaid balances, inclusive of all charges incident to making the loan (U. S. Code, tit. 12, § 1757, subd. [5]), and the loan in question cannot be deemed usurious on its face because it actually carried a lesser rate of interest (5/6th of 1%) than the limit prescribed.
With respect to a determination of the question of whether or not the loan made to Mr. Grrabell by the plaintiff was in fact usurious, although not appearing to be so on its face, this court finds triable issues of fact to exist. Exhibit D attached to the plaintiff’s papers on this motion is a statement of the account .of Leo Grrabell entitled “Individual Share Ledger”. This record kept by the plaintiff indicates that on July 14,1960, some two weeks before the date of the execution of the mortgage note and the mortgage, the .borrower deposited the sum of $25 in his share account with the plaintiff. The same sharé ledger contains an entry on the date of July 28, 1960 showing the borrower deposited in his share account the sum of $750 for a total of $775. Interest was credited to the borrower’s account on January 1, 1961 in the sum of $14.53. Although it has been stated that the sums deposited by the borrower with the plaintiff in this share account were required by the plaintiff as a prerequisite to the granting or making of-the loan herein, there has been no proof offered sufficient to establish the truth of that allegation on this motion. The borrower, Mr. Grrabell, is not a party to this action, nor has any affidavit by Mr. Grab ell been submitted concerning the circumstances surrounding the making of this loan. In addition, no arithmetical computation has been presented in connection with this motion which would accurately show the rate of interest charged so that the question of whether or not there was or was not usury can be determined. Neither the plaintiff nor the defendants have come forth with any explanation as to whether the share account of the borrower, Mr. Grabell, remained within his dominion and control or whether he could have withdrawn this amount or some part of it during the term of the loan in question, or on the other hand, whether this constituted a fund held by the plaintiff as security over which the borrower was deprived of any power of disposition during the term of the loan.
For similar reasons the defense interposed by the defendants to the effect that the plaintiff is holding security which should first be applied to the loan in question, must await a determination upon proper proof of the circumstances which existed at the *371 time of the making of the loan with respect to the sum of $750 deposited in the borrower’s share account. Accordingly, the disputes which have arisen between the parties hereto may only be resolved after a trial of the issues of fact presented.