## 52705. CHRISTIAN et al. v. ATLANTA ARMY DEPOT FEDERAL CREDIT UNION.

MARSHALL, Judge.

The question presented by this appeal is whether or not a federal credit union is subject to state usury laws.

The Atlanta Army Depot Federal Credit Union brought suit against appellants for $2,808.83, the balance due on a note. The note, in the face amount of $3,300, is dated November 12, 1970, and is signed by appellants. The debt was payable in 36 equal monthly installments, with interest at 1% per month on the unpaid balance. The note shows on its face that it is secured in part by a security deed to equity in real estate.

In an affidavit, an officer of the credit union states that in July, 1972, appellant Mrs. Christian, who had been the sole signer and obligor on the note, sold the real estate securing the note to appellants Robert James and Inella James. The latter two assumed Mrs. Christian's debt and co-signed the note. No further payments were made after that date.

Appellants moved for summary judgment on the ground that the loan violated the provisions of the Secondary Security Deed Act, Ga. L. 1966, pp. 574 et seq.; 1967, p. 637; 1968, p. 1086 (Code Ann. § 57-201 et seq.), in that the note charged interest in excess of that allowed by the statute. Section 201 provides in pertinent part that no person or association shall charge for a loan secured in part by a second security deed on residential real estate on which housing is constructed a rate of charge, which, aggregated with interest, exceeds 10%. The rate of charge is in addition to the interest rate which may be charged under § 57-202 (d). Section 57-202 (d) provides that interest may not exceed 6% aggregated or 8% based on the unpaid principal. Under § 57-203 (a), the penalty for violation of this provision is forfeiture of principal and interest plus a requirement that the lender refund payments made by the borrower.

The credit union contends that because it is a creature of the federal government, existing under the

powers of the Federal Credit Union Act, 12 USCA § 1751 et seq., it is exempt" from these provisions of Georgia law.

The trial court denied appellants' summary judgment and this court granted their petition for interlocutory appeal to consider this question. *Held:*

The issue is one of first impression in Georgia, but it has been considered in three cases from sister states. See McAnally v. Ideal Federal Credit Union, 428 P2d 322 (Okla.); Brooklyn Jenapo Federal Credit Union v. Schucher, 245 NYS2d 637; Van Pelt v. P & L Federal Credit Union, 282 SW2d 794 (Tenn.). In each of these cases the issue squarely presented was whether a federal credit union was subject to state usury laws, and each case holds that it is not. The rationale in each case is that federal credit unions are no different from national banks insofar as their long-standing exemption from state usury laws. It was held in the early case of Central National Bank v. Pratt, 115 Mass. 539, 546, in reference to national banks, that, "The rate of interest to be charged for the use of money is a necessary incident of a loan, and the power in Congress to authorize a bank to lend money involves the power to fix the rate of interest and the penalty for taking a greater rate. If a state may fix the rate of interest, it may practically destroy this faculty of the bank. The power to create a bank includes the power to fix the limitations within which it may exercise its functions and faculties, and to determine the causes for which and the manner in which it may be destroyed. This power vested in Congress is inconsistent with a power in any state or territory to affix penalties upon the bank for taking unlawful interest, or for any violation of the Act of Congress. We are of the opinion that it was within the constitutional power of Congress to fix the rate of interest which a national bank might take upon a loan of money, and to determine the penalty to be imposed for taking a greater rate; that such power, when exercised by Congress, is exclusive of state legislation. . ." Van Pelt v. P & L Federal Credit Union, 282 SW2d 794, supra, 799. See also *First Nat. Bank v. McEntire,* 112 Ga. 232 (37 SE 381). That the federal government has acted exclusively in the field of national banks cannot be questioned. Farmers' &

Mechanics' Nat. Bank v. Dearing, 91 U. S. 29, 34.

Appellant urges us not to follow these decisions because they fail to make a distinction between national banks which require uniformity of treatment by the various states, and credit unions, which, it is urged, perform mercantile functions unrelated to the national economy. We note, however, that this requirement of uniformity is no longer deemed essential to the protection of national banks, because 12 USCA § 85 provides that interest rates charged by such banks may not exceed that rate allowed by the state laws where the bank is located. Further, we find persuasive the language in the Van Pelt case, supra, p. 798: " 'Federal credit unions are established by the Federal Government under its broad fiscal powers as provided by the Constitution of the United States. Congress has power to establish national banks and other fiscal agencies, such as federal land banks, federal intermediate credit banks and banks for cooperatives and production credit corporations for the performance of fiscal duties and have been held to be constitutionally created by virtue of their relationship to the fiscal powers of the Federal Government. McCullough v. Maryland, 4 Wheat. 316, 4 LEd 579; Smith v. Kansas City Title & Trust Co., 255 U. S. 180, 41 S.Ct. 243, 65 LEd 577; Federal Land Bank of St. Paul v. Bismark Lumber Co., 314 U. S. 95, 62 S. Ct. 1, 86 LEd 65.

" 'Federal Credit Unions are a fiscal agent of the United States. Section 1767 of Title 12, U.S.C.A. reads, as follows:

" 'Each Federal credit union organized under this chapter, when requested by the Secretary of the Treasury, shall act as fiscal agent of the United States and shall perform such services as the Secretary of the Treasury may require in connection with the collection of taxes and other obligations due the United States and the lending, borrowing, and repayment of money by the United States, including the issue, sale, redemption, or repurchase of bonds, notes, Treasury certificates of indebtedness, or other obligations of the United States * * * any Federal credit union organized under this chapter, when designated for that purpose by the Secretary of the Treasury, shall be a depository of public money."

" 'The granting of authority to Federal credit unions to act for the Government in this respect brings them within the creative power of Congress. It, therefore, follows that the same principles and conception applicable to national banks are equally applicable to other Federal fiscal agents, including Federal credit unions.' " "This is the rule applied in cases involving national banks similarly organized under Federal law (12 U.S.C.A. § 21 et seq.) and the Court discerns no reason why a different principle should be applied to Federal Credit Unions." Brooklyn Jenapo Federal Credit Union v. Schucher, 245 NYS2d 637, supra, 639. "We, like the New York court, can see no valid reason for following a different rule with reference to Federal Credit Unions than has been the long-established one applying to national banks with reference to conflicts between Federal and State laws in matters pertaining to usury . . . Since the Federal Credit Union Act, supra, does not have a provision like the above quoted provision of the National Bank Act, [limiting interest rates to the state rate] but instead, specifically authorizes Federal Credit Unions to charge a rate different than the one allowable under our State Constitution and statutes, that Federal Act must govern." McAnally v. Ideal Federal Credit Union, 428 P2d 322, supra, 326.

The language in *First Fed. Savings &c. Assn. v. Norwood &c. Co.,* 212 Ga. 524 (93 SE2d 763) is limited to the facts in that case which involved a federal savings and loan association which violated both state and federal usury laws.

Because we have decided that the federal government has acted exclusively in the area of federal credit unions, we reject appellants' further arguments that there is room for state legislation on the same subject of a more restrictive nature. Furthermore, we do not agree with appellants' contention that our decision would result in giving federal credit unions a commercial advantage over state lending institutions on second mortgage loans. On the contrary, 12% per annum could not be as competitive as the 6% or 8% per annum interest rate maximum allowed by state lending institutions.

*Judgment affirmed. McMurray and Smith, JJ.,*

*concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 14, 1976 —
REHEARING DENIED NOVEMBER 1, 1976 —

*David A. Webster, John A. Chandler,* for appellants.
*Talley Kirkland,* for appellee.