Virginia BROWN, Appellant,

v.

AUSTIN AREA TEACHERS FEDERAL CREDIT UNION, Appellee.

No. 8311.

Court of Civil Appeals of Texas, Beaumont.

Sept. 6, 1979.

Rehearing Denied Oct. 4, 1979.

Stephen H. Gardner, Austin, for appellant.

Richard L. Alexander, Austin, for appellee.

CLAYTON, Justice.

This is an appeal from an adverse summary judgment entered against appellant. Appellee is a federal credit union chartered under the Federal Credit Union Act, *12 U.S.C.A. § 1751 et seq.* (1969), and regulated by the National Credit Union Administration. From 1974 through 1976, appellant executed several promissory notes evidencing money borrowed from appellee. The rate of interest on each such note was one percent per month on the unpaid balance, which is equivalent to a simple annual interest rate of twelve percent. Appellant's cause of action is based upon violations of certain disclosure provisions of Chapter Four of the Texas Consumer Credit Code, *Tex.Rev.Civ.Stat.Ann. art. 5069–4.01* et seq. (Vernon 1971). Appellee admits that, for purposes of this appeal, each note sued upon fails to comply with some disclosure requirements of Chapter Four. The trial court granted appellee's motion for summary judgment upon the grounds that the notes executed by appellee were "not subject to the coverage of *Tex.Rev.Civ.Stat. Ann. art. 5069–4.01 et seq.*"

The sole question before this court is whether the provision of Chapter Four of the Texas Consumer Credit Code, i. e., *art. 5069–4.01*, applies to the loans made by appellant.

As a general rule, pursuant to the provisions of *Tex.Rev.Civ.Stat.Ann. art. 5069–1.- 02* (Vernon 1971), lenders in this state cannot charge more than ten percent interest. There are numerous statutory exceptions to this general rule, however. Several exceptions to the general usury rate are found in the Texas Consumer Credit Code, *Tex.Rev.*

*Civ.Stat.Ann. art. 5069–1.01 et seq.* (Vernon 1971): Chapter Three, on regulated loans; Chapter Four, on installment loans; Chapter Five, on secondary mortgage loans; Chapter Six, on retail installment sales; Chapter Seven, on motor vehicle installment sales; and Chapter Twelve, on financing of insurance premiums. Each chapter provides for special circumstances under which loans can be made or credit can be extended at an interest rate greater than ten percent. Under such special circumstances and conditions, each chapter authorizes a charge of interest in excess of ten percent and provides for compliance with certain disclosure requirements and prohibitions of certain practices.

■ A creditor may avoid the disclosure requirements and prohibitions of the Consumer Credit Code by charging no more than the ten percent interest sanctioned by *art. 5069–1.02.* See *Anguiano v. Jim Walter Homes, Inc.,* 561 S.W.2d 249 (Tex.Civ. App.—San Antonio 1978, writ ref'd n. r. e.).

■ It is our view that Chapter Four of the Consumer Credit Code, as it relates to other Texas interest statutes, is not a comprehensive consumer loan disclosure statute. It is an interest statute that allows certain lenders to charge interest in excess of ten percent and requiring compliance with all its provisions. This is made clear by the provisions of *Tex.Rev.Civ.Stat.Ann. art. 5069–4.03(1)* (Vernon 1971), which requires that the enumerated disclosures be made "when a loan is made under the authority of this Chapter . . . ." Pursuant to this language, it is reasonable to infer that Chapter 4 disclosures need not be made when a loan is not made "under the authority" of this Chapter Four. The primary question then is whether appellant, a federal credit union, must rely upon Chapter Four of the Consumer Credit Code as authority to exceed the ten percent interest rate.

Under the Federal Credit Union Act, federal credit unions have the authority to make loans at a rate of interest not exceeding one percent per month on the unpaid

balance inclusive of all service charges, which is equivalent to twelve percent simple annual interest. *12 U.S.C.A. § 1757(5)(A)(vi)* (Supp.1978). Even though we have not found a Texas case upon the point, there is ample authority from other jurisdictions that state usury laws are not applicable to federal credit unions. See *Van Pelt v. P. & L. Federal Credit Union,* 39 Tenn.App. 363, 282 S.W.2d 794 (1955); *Christian v. Atlanta Army Depot Federal Credit Union,* 140 Ga.App. 277, 231 S.E.2d 7 (1976); *McAnally v. Ideal Federal Credit Union,* 428 P.2d 322 (Okl.1967).

■ Pursuant solely to the authority of the National Credit Union Act, a federal credit union can make a loan bearing interest at twelve percent per annum notwithstanding the ten percent rate set forth in *art. 5069–1.02.* In so doing, appellee did not make the loan under the authority of *art. 5069–4.01,* and, under the provisions of the Federal Credit Union Act, could not have charged the additional interest permitted by *art. 5069–4.01.* Therefore, the disclosure requirements of such statute are not applicable to such loans. Appellant relies upon *Casillas v. Government Employees Credit Union,* 570 S.W.2d 57 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.), as authority for the applicability of *art. 5069–4.03* to the loans made by appellee. We do not agree. The *Casillas* case merely holds that such statute is applicable to state chartered credit unions by virtue of the definitions contained in *art. 5069–2.01(f).* It does not discuss or hold that such credit unions are subject to the provisions of *art. 5069–4.03* in the absence of a charge of interest allowable by such statute, or made under the authority of such statute.

Appellee had the authority pursuant to the provisions of the National Credit Union Act, *12 U.S.C.A. § 1751 et seq.* (1969) to make the loans and to charge the interest rates thereon in the amount of twelve percent per annum. It did not act under the authority of *art. 5069–4.01,* and therefore the disclosure requirements of such statute were not applicable to the loans involved in this proceeding.

The trial court properly granted appellee's motion for summary judgment, and the judgment is affirmed.

AFFIRMED.