## 58198. CHRISTIAN v. ATLANTA ARMY DEPOT FEDERAL CREDIT UNION.

BANKE, Judge.

This case, which involves a suit against the appellant on a note, was previously before this court on interlocutory appeal from the denial of a motion for summary judgment filed by the appellant. The legal issue presented in that appeal was whether the loan in question violated the provisions of the Secondary Security Deed Act, Ga. L. 1966, p. 574 et seq.; 1967, p. 637; 1968, p. 1086 (Code Ann. § 57-201 et seq.), due to excessive interest charges. This court held that denial of summary judgment for appellant was proper, based on a finding that the provisions of the Federal Credit Union Act, 12 USC § 1751 et seq., controlled the transaction, rather than the Georgia statute. *Christian v. Atlanta Army Depot Fed. Credit Union,* 140 Ga. App. 277 (231 SE2d 7) (1976). Upon return to the trial court, the trial court directed a verdict for the appellee credit union.

The note sued upon was the product of two notes which the credit union consolidated for appellant's convenience. This note was secured by a second security deed on the appellant's house. Within a few days of the consolidation, appellant sold the property securing the note to Inella and Robert James. As part of the consideration for that transaction, the Jameses agreed to pay the obligation evidenced by the note sued upon. The Jameses signed the original, consolidated note under appellant's signature at the credit union's office. *Held:*

1. Appellant contends that upon the agreement by the Jameses to assume her note, she became a surety thereon. She argues that, as a surety, she was entitled to introduce evidence showing that certain actions of the credit union had increased her risk and liability and that she was therefore entitled to be discharged pursuant to Code § 103-203. Code § 103-203 was superseded by Code § 14-902 (Ga. L. 1924, pp. 126, 150) (see editorial note to Code § 103-201). Code § 14-902 was, in turn, repealed by Ga. L. 1962, pp. 156, 427. (Code Ann. § 109A-10—103). The law governing discharge of sureties and other parties on instruments is currently governed by the UCC

provisions cited in Code Ann. § 109A-3—601 (Ga. L. 1962, pp. 156, 276). None of the alleged actions of the credit union fall within these UCC provisions. The first three enumerations of error are without merit.

2. Appellant's fourth enumeration of error alleges that the trial court erred in not ruling that all interest under the note was forfeited pursuant to the Federal Credit Union Act, 12 USC § 1751 et seq., by the credit union's attempt in its complaint to collect interest "after maturity." The penalty provisions of the Act provide, in pertinent part, that "the taking, receiving, reserving, or charging of a rate of interest greater than is allowed by this paragraph, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." 12 USCA § 1757 (5) (A) (vii). The Act further provides that interest on loans will not exceed one percent per month on the unpaid balance, exactly the terms of the note in question. 12 USCA § 1757 (5) (A) (vi).

The language of 12 USCA § 1757 (5) (A) (vii), supra, does not specify that a suit claiming interest after maturity amounts to the "charging of a rate greater than is allowed" under the Act. Furthermore, we are cited no authority for such a proposition. Thus, in the absence of any evidence that any interest in excess of that allowed by the Act was ever collected, we find no error in the trial court's enforcement of the interest provisions of the note.

3. Appellant's final enumeration of error urges that the trial court erred in failing to rule that the contract was effectively rescinded in accordance with the provisions of the Truth in Lending Act, 15 USC § 1601 et seq., and Regulation Z of the Federal Reserve Board governing credit transactions in which a security interest is retained or acquired in residential realty. Appellant attempted to rescind the loan by letter to the credit union dated October 20, 1977, in which she alleged certain deficiencies with regard to the disclosures required by the Act. The attempt to rescind did not take place until four years after the commencement of this action and four years and nine months after appellant had sold the real estate securing the note. Regulation Z provides in pertinent part that ". . .

in the event the creditor fails to deliver to the customer the disclosures required . . . a customer's right to rescind . . . shall expire the earlier of (1) three years after the date of the consummation of the transaction, or (2) the date the customer transfers all his interest . . . in the property." 12 CFR 226.9(h). This enumeration of error is accordingly without merit.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 19, 1979.

*Steven Gottlieb,* for appellant.
*Talley Kirkland,* for appellee.