

# The Attorney General of Texas

October 30, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John P. Parsons
Commissioner
Credit Union Department
914 East Anderson Lane
Austin, Texas  78752

Opinion No.  MW-261

Re: Whether a state chartered credit union may be licensed to make loans under the Texas Credit Code, and what rate of interest may be charged by the credit union on such loans

Dear Mr. Parsons:

You ask two questions concerning the applicability of the Texas Credit Code, article 5069, V.T.C.S., to the Texas Credit Union Act, article 2461, V.T.C.S.  The first question you ask is:

> 1. May a credit union chartered by the State of Texas obtain a license to operate as a regulated lender under the Texas Credit Code pursuant to article 5069-3.04, V.T.C.S., and write loans as permitted under Chapters 3 and 4 of the Texas Credit Code?

Article 5069-3.04, V.T.C.S., provides:

> (1) Any bank, savings and loan association or credit union doing business under the laws of this State or of the United States shall receive a license upon notification to the Consumer Credit Commissioner of its intention to operate under the provisions of this Chapter.  The Consumer Credit Commissioner shall forthwith issue a license to any such bank, savings and loan association or credit union.

The Texas Credit Code is a general statute which clearly anticipates licensing credit unions for the purpose of transacting the type of business characterized by chapter 3 of the Texas Credit Code.  Article 5069-3.04, V.T.C.S., is not limited by any provision in the Texas Credit Union Act, and permits a credit union to be issued a license under chapter 3 of the Texas Credit Code.

The second question you ask is:

> 2. If the credit union is licensed pursuant to article 5069-3.04, V.T.C.S., may that credit union charge interest at the rates prescribed in chapters 3 and 4 of the Texas Credit Code, or is such credit union restricted to the rates set forth in the Texas Credit Union Act, article 2461-7.01, V.T.C.S.?

Article 2461-7.01, V.T.C.S. (Credit Union Act), states:

> [A] credit union may make loans to members for such purposes and on such security and terms as the credit committee, credit manager, or loan officer approves, at rates of interest <u>not exceeding one percent per month</u> on the unpaid monthly balance. Every loan must be evidenced by a written instrument. (Emphasis added).

Chapters 3 and 4 of the Credit Code permit interest charges resulting in a total allowable interest rate in excess of the 12% per annum specified in the Credit Union Act. It is evident that the maximum interest rate permitted by the Credit Union Act is less than the maximum interest rate provided for by the Credit Code.

The Credit Code is a general statute, i.e., it is a comprehensive code which classifies and regulates loans and lenders. The Credit Union Act is a special statute, i.e., it applies only to that class of lenders defined as credit unions. See <u>Lower Colorado River Authority v. McCraw</u>, 83 S.W. 2d 629 (Tex. 1935); <u>Smith v. Davis</u>, 426 S.W. 2d 827 (Tex. 1968); <u>Rodriguez v. Gonzales</u>, 227 S.W. 2d 791 (Tex. 1950). It is a cardinal rule of statutory construction that a special statute prevails as an exception to a general statute if a conflict between the two exists. See <u>International Fidelity Insurance Company of Newark, New Jersey v. Sheriff of Dallas County</u>, 476 S.W. 2d 115 (Tex. Civ. App. - Beaumont 1972, writ ref'd n.r.e.); <u>Cuellar v. State</u>, 521 S.W. 2d 277 (Tex. Crim. App. 1975). Since the Credit Union Act is complete within itself, it should not be supplemented with provisions of a separate and distinct act which are inconsistent with it. See <u>Robertson v. State</u>, 406 S.W. 2d 90 (Tex. Civ. App. - Fort Worth 1966, writ ref'd n.r.e.).

We find no Texas case which discusses the applicability of the interest rates allowed by the Credit Code to the Credit Union Act. The language of article 2461-7.01, V.T.C.S., is, however, duplicated in the Federal Credit Union Act at 12 U.S.C. section 1757(5)(A)(vi), which states that the rate of interest charged by federal credit unions must not exceed "1 per centum per month on the unpaid balance." This statutory provision has been the subject of discussion by the courts in determining whether a federally chartered credit union may charge those rates of interest provided in the Texas Credit Code. An analogy can be drawn from those cases to the pending question.

In <u>Carreon v. San Antonio City Employees Federal Credit Union</u>, 586 S.W. 2d 622 (Tex. Civ. App. - Waco 1979, no writ), the court stated:

However, under the terms of 12 U.S.C.A. section 1757(5)(A)(vi) the rate of interest charged by federal credit unions must not exceed '1 per centum per month on the unpaid balance inclusive of all service charges.' It is clear, therefore, that regardless of the fact that 'credit unions' are named in the opening sentence of Article 5069-4.01, federal credit unions may not charge the 16% interest rate authorized therein.

This view was re-stated in Brown v. Austin Area Teachers Federal Credit Union, 588 S.W. 2d 629 (Tex. Civ. App. - Beaumont 1979, writ ref'd n.r.e.).

The issue considered by the court in Carreon, supra, parallels your second question and the language of the court may be paraphrased to resolve that question; under the terms of article 2461-7.01, V.T.C.S., the rate of interest charged by state credit unions must not exceed one percent per month on the unpaid monthly balance. It is clear, therefore, that regardless of the fact that "credit unions" may be licensed under article 5069-3.04, state credit unions may not charge a rate of interest in excess of one percent per month thereunder.

### SUMMARY

A state chartered credit union may be licensed under the provisions of article 5069-3.04, V.T.C.S. (Texas Credit Code). A state chartered credit union licensed under the Texas Credit Code may not charge interest rates in excess of those authorized by article 2461-7.01, V.T.C.S. (Credit Union Act).

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Nancy Ricketts
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Tom Pollan
Nancy Ricketts