EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a summary judgment case.
Redstone Federal Credit Union, the plaintiff, sued Mr. Neal upon his credit card account and, under count two, on a promissory note executed by the defendant to the plaintiff. The defendant promptly filed his answer which simply denied the material allegations of the plaintiff’s complaint. From this modest situation, what at first appeared to be only a jurisprudential molehill has been elevated through motions and procedural steps into a pleading Mount Everest necessitating a clerk’s record of 122 pages.
Of the issues which the defendant attempted to raise, we respond only to those controversies which are sufficiently preserved, presented and argued by him with adequate clarity and with the required citation of authorities so as to merit our consideration.
The defendant filed a motion under Rule 42(b) of the Alabama Rules of Civil Procedure, for a separate trial as to each of the counts of the plaintiff’s complaint. The motion was denied by the circuit court. A trial court possesses a broad discretion to either order or deny separate trials of claims in furtherance of convenience, or to avoid prejudice or when separate trials will economically expedite matters. Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978); Chiriaco v. Jacks, 421 So.2d 1272 (Ala.Civ.App.1982). We find nothing which indicates any abuse of discretion by the trial court in overruling the defendant’s motion.
The Mini-Code requires that a creditor shall not bring a civil action on any debt and that no judgment shall be entered thereon until the creditor files a particular affidavit. § 5-19-11, Code of Alabama 1975. Six months after the defendant had filed his original answer, but almost three years before the entry of the final judgment, the trial court permitted the plaintiff to file the required affidavit, and that ruling is presented as an issue on appeal. The following from Welch v. G.F.C. Credit Corporation, 336 So.2d 1346 (Ala.Civ.App.1976), is determinative of that problem:
“The creditor is prohibited from bringing suit without filing the required affidavit. If he should disregard the prohibition, the court is prohibited from entering judgment thereon until such affidavit is filed. In effect, the penalty upon the creditor for suing without the affidavit is *807 that the court may not enter judgment until it is filed. We consider the prohibition upon the court to be a limitation of its authority to exercise jurisdiction if not waived affirmatively. However, a judgment rendered without such affidavit, but with jurisdiction of the parties is not void but voidable. In this case, the filing of an answer may be considered as a waiver.”
336 So.2d at 1348. No rule of law prohibited the trial court from allowing the credit union to comply with the Mini-Code by filing the necessary affidavit. That conformity with that statute came almost three years prior to the rendition of the summary judgment. Further, its filing was waived by the defendant’s original answer.
By motion, the plaintiff sought a summary judgment as to the plaintiff’s claims and also upon the defendant’s counterclaims. In support thereof, the plaintiff presented several affidavits which were adequate on their face to uphold the granting of the requested summary judgment. The defendant did not present any counteraffidav-its but relied entirely upon his multiple unverified pleadings. The trial court granted the requested summary judgment with regard to the plaintiff’s claims for a total amount of $6,094 and costs. The defendant’s counterclaims were dismissed.
When only the plaintiff’s affidavits are considered, they show an absence of a genuine issue of a material fact and the defendant could not thereafter rest upon mere allegations or denials as averred in his multitude of pleadings. Under those circumstances he was obligated and required to present proof of facts through some authorized means which at least presented a scintilla of evidence in support of his factual position so as to establish that a question of fact existed. Since the defendant wholly failed to do this, the trial court had no alternative but to grant the summary judgment in favor of the plaintiff. Butler v. Michigan Mutual Insurance Company, 402 So.2d 949 (Ala.1981); Rule 56(e), A.R.Civ.P.
However, the defendant contends that the monetary claims of the plaintiff were usurious upon their face as a matter of law, since they were made or incurred in May 1979, and provided for twelve percent (12%) interest, which exceeded the then Alabama authorized annual rate of interest of eight percent (8%). Consequently, the defendant argues that, as a matter of law, the summary judgment should not have been granted against him as to the plaintiff’s claims.
The plaintiff is a federal credit union. The Federal Credit Union Act contains express provisions for the highest permissible interest rates which may be charged by federal credit unions. At the time of the transactions here involved, those federal credit union yearly maximum rates were established at twelve percent (12%). 12 U.S.C.A. § 1757(5)(A)(vi) (Supp.1978).
Appellate courts in other states have been presented with similar arguments. For example, the Texas statute prohibited lenders from charging more than ten percent (10%) interest. The federal act then authorized federal credit unions to make loans bearing interest up to twelve percent (12%) per year. It was held as follows by the Court of Civil Appeals of Texas:
“Under the Federal Credit Union Act, federal credit unions have the authority to make loans at a rate of interest not exceeding one percent per month on the unpaid balance inclusive of all service charges, which is equivalent to twelve percent simple annual interest. 12 U.S. C.A. § 1757(5)(A)(vi) (Supp.1978). Even though we have not found a Texas case upon the point, there is ample authority from other jurisdictions that state usury laws are not applicable to federal credit unions. See Van Pelt v. P. & L. Federal Credit Union, 39 Tenn.App. 363, 282 S.W.2d 794 (1955); Christian v. Atlanta Army Depot Federal Credit Union, 140 Ga.App. 277, 231 S.E.2d 7 (1976); McAnally v. Ideal Federal Credit Union, 428 P.2d 322 (Okl.1967).
“Pursuant solely to the authority of the National Credit Union Act, a federal *808 credit union can make a loan bearing interest at twelve percent per annum notwithstanding the ten percent rate.... ”
Brown v. Austin Area Teachers Federal Credit Union, 588 S.W.2d 629 (Tex.Civ.App.1979).
Since the federal act and the Alabama statutes conflicted, the doctrine of preemption here applies, and the federal statute prevails as to those interest rates which may be lawfully charged by federal credit unions in this state. Ex parte Davis, 401 So.2d 52 (Ala.1981). Accordingly, the annual interest of twelve percent (12%), as charged by the plaintiff in its transactions with the defendant, was permissible and was not usurious.
The trial court properly granted the plaintiffs motion for a summary judgment.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur..