BENJAMIN F. COLBY & another *vs.* FREDERICK A. BISSELL & another.

Suffolk.    December 3, 1907. — April 3, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mortgage,* Of personal property.    *Small Loans Act.    Household Furniture.*

The requirements of R. L. c. 102, § 53, as to mortgages of household furniture on which interest is charged at the rate of eighteen per cent or more per annum, made to secure a loan of less than $1,000, do not apply to a mortgage made by partners conducting a hotel of the furniture contained in it and used in their business, although before the formation of the partnership some of the furniture included in the mortgage was household furniture of one of the partners used in the living rooms of the family in the same house then occupied by such partner and his wife, who kept a restaurant there and let rooms to lodgers, such furniture having ceased to be household furniture when it became partnership property and was used in the hotel business.

BILL IN EQUITY, filed in the Superior Court, as amended, on December 19, 1906, by Benjamin F. Colby and William H. Griffith to restrain the defendants from taking possession of certain personal property under an instrument purporting to be a mortgage and alleged by the plaintiffs to be invalid.

In the Superior Court the case was heard by *Richardson, J.* The facts are stated briefly in the opinion.    The partnership of the plaintiffs was formed on or about July 27, 1906.    The mortgage was made by them on or about August 10, 1906, and bore that date.    The following memorandum of findings of fact was made by the judge:

" I find that the mortgage referred to in the plaintiffs' bill was made by the plaintiffs to secure the payment of a loan to

them, by the defendant, of less than $1,000, that is, for only $600, and that it was made in form for $1,005, for the purpose of evading the provisions of law relating to loans of less than $1,000 secured by mortgage on household furniture, contained in R. L. c. 102, § 53. But I find that the mortgage was made by the plaintiffs, who were then copartners, of copartnership property only, some considerable part in value of which was not household furniture, but consisted in part of a soda fountain, counters, shelving, an ice chest and other things which had been used in a store or saloon, and which had been contributed to the partnership property by the plaintiff Griffith for use by them in the business of the partnership; and that all the chattels and property described in the mortgage had been put into and used by them in a building in their business of keeping a hotel. For these reasons I find that the goods mentioned in the mortgage were not household furniture within the meaning of R. L. c. 102, § 53, but that it is a valid mortgage for the principal sum of $600, on which $25 had been paid. The plaintiffs having stated that they did not desire to amend the bill or to redeem the property from the mortgage, the bill may be dismissed."

The judge made a final decree that the bill be dismissed with costs to the defendants; and the plaintiff Colby appealed.

*E. F. Brady,* for the plaintiff Colby.

*A. K. Cohen,* for the defendants.

BRALEY, J. It is the object of R. L. c. 102, §§ 51–55, whatever paper form the transaction may assume, to protect borrowers of money, where the amount is less than $1,000, from the payment in any event of interest in excess of eighteen per cent. But, if security is given by the mortgaging of household furniture, § 53 declares, that the mortgage shall be invalid unless it sets forth the actual transaction with substantial accuracy. If there is more than one owner, no distinction is recognized in the statute as to the nature of the title of the mortgagors, which may be either joint or several. This provision is not in the nature of an exemption similar to that created by R. L. c. 167, § 38, and c. 177, § 34, for the benefit of householders and mechanics in the attachment of personal property, and where in the construction of the statutes, of which these provisions are re-enactments, it has been held that the privilege being

personal to the debtor is lost if he chooses to make the title joint. *Pond* v. *Kimball,* 101 Mass. 105. But it is part of a general legislative policy for the uniform protection of the class of borrowers described, and the prohibition not being within the control of the mortgagor, remains in force apart from any community of title, if the property mortgaged falls within the description named in the statute. *Washington National Bank* v. *Williams,* 188 Mass. 103, 107, and cases cited.

The facts, upon which, as stated by him in a condensed form, the presiding judge ruled that the bill should be dismissed are substantially undisputed. The plaintiff Colby, who previously had kept at the home occupied by himself and wife a restaurant where meals were served, and rented rooms fitted with common household furniture to lodgers, formed a copartnership with the plaintiff Griffith, and the firm continued the business. If there had been no transfer, under the decision of *Glidden* v. *Nason,* 186 Mass. 140, the furniture in the living rooms of the family were within the statute. But having become partnership property, its character is to be determined by the nature of the use to which it was subsequently put, rather than by the mere quality of the title. *Day* v. *Lawrence,* 167 Mass. 371, 373. It was contemplated, after joint ownership, that the premises should be used in their business of keeping a hotel, and having been occupied for this purpose, the distinctive home of the family of Colby as it had before existed was necessarily surrendered, for upon the evidence and the finding it is plain, that if required, some or all of their rooms would have been relinquished for the accommodation of guests, or lodgers. If the rooms were their dwelling to which they otherwise might have retained the right of exclusive possession, yet the plaintiffs maintained a hotel, and the furniture in them became a part of the partnership property. By the change, the continued use of the furniture ceased to be for household and residential purposes, and the mortgage, even if it failed to set out the actual terms or amount of the loan, not being within the statute, was valid.

*Decree affirmed.*