## ROCKLAND-ATLAS NATIONAL BANK OF BOSTON
### *vs.* GEORGE E. MURPHY.

Suffolk.    October 10, 1952. — February 6, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Loan. Interest. National Bank. Bills and Notes,* Expenses of collection.

A loan made by a national bank upon a promissory note for $300 was properly found to be subject to the provisions of G. L. (Ter. Ed.) c. 140, § 90, as appearing in St. 1946, c. 223, § 1, respecting interest and the amount collectible by the lender, and in an action against the maker for a balance due on the note the bank was not entitled to recover an attorney's fee provided for in the note in case of default thereunder.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated August 10, 1951.

The action was heard by *Lewiton,* J.

*Phillip A. Gorman,* for the plaintiff.

No argument nor brief for the defendant.

RONAN, J.    This is an action of contract against George E. Murphy and Elizabeth A. Donehue,[1] the makers of a promissory note for $300 dated December 22, 1950, payable in twelve equal monthly instalments of $25, the first of which was payable on February 5, 1951.    The note also contained a provision that in case of default there should be added to the unpaid balance due the costs and expenses of collection, including an attorney's fee of 15% of the unpaid balance but in no event less than $5.    The judge found for the plaintiff in an amount less than that contended by the plaintiff to be due.    He made a report to the Appellate Division which ordered the report dismissed.    An appeal by the plaintiff brings the case here.

The defendants made no payments other than one of $25

[1] The defendant Donehue was defaulted and the action was defended by Murphy.

on March 20, 1951, $12.50 on May 10, 1951, and a similar amount on May 23, 1951. A tender of $25 on April 20, 1951, on condition that an action to collect the note should be withheld was rejected. The judge found that the loan was subject to G. L. (Ter. Ed.) c. 140, § 90, as appearing in St. 1946, c. 223, § 1, governing the rate of interest permissible for loans of less than $1,000, and that the interest charged was not excessive. He found that $257.89 was due at the date of the writ and found for the plaintiff for this amount with interest at 18% to the date of the finding.

A national bank in making loans is allowed by the Federal law to take, receive, and charge the same rate of interest, if one is established by the statutes of a State where the bank is located, as may be charged by the State banks. U. S. C. (1946 ed.) Title 12, § 85. The purpose of this act of Congress is to put national banks on an equality with State banks in competing in the business of lending money. The lawful rate permitted to State banks is the measure which national banks must adopt in conducting the business of making loans. The charging of a higher rate than that established by the State law is a violation not of the State law but of a Federal law which prescribes the penalties exclusively of any State statute in order to protect the national bank from discrimination. U. S. C. (1946 ed.) Title 12, § 86. *Central National Bank* v. *Pratt*, 115 Mass. 539. *First National Bank* v. *Childs*, 133 Mass. 248. *Tiffany* v. *National Bank*, 18 Wall. 409. *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29. *McCollum* v. *Hamilton National Bank*, 303 U. S. 245. *Schumacher* v. *Lawrence*, 108 Fed. (2d) 576. *Panos* v. *Smith*, 116 Fed. (2d) 445. *Anderson* v. *Hershey*, 127 Fed. (2d) 884.

The questions are what is the amount of interest for which the defendant Murphy was liable and also whether he was obliged to pay an attorney's fee.

It is provided by G. L. (Ter. Ed.) c. 107, § 3, that the rate of interest in the absence of an agreement is 6% a year, and that except as provided by G. L. (Ter. Ed.) c. 140 in § 78 (pawnbrokers' loans), in § 90 (loans of less than $1,000)

in § 92 (small loans secured by mortgage on household furniture), and in §§ 96, 100 (loans under the small loans act), it shall be lawful to pay, reserve, or contract for any rate of interest or discount but that no rate of interest just mentioned shall be recovered in a suit unless the agreement to pay is in writing. *Nelson* v. *Beal,* 278 Mass. 130. *Foley* v. *Flaherty,* 278 Mass. 134, 137. *New England Factors, Inc.* v. *Genstil,* 322 Mass. 36, 42.

A national bank is expressly authorized to make loans, U. S. C. (1946 ed.) Sup. V, Title 12, § 24, Seventh, and to conduct its business in accordance with the rules and regulations of the Comptroller of Currency. U. S. C. Title 12, § 211. In making a loan of $300 or less it could adopt the rate of interest permissible by G. L. (Ter. Ed.) c. 140, §§ 96–113, the small loans act, so called, but, if it did so, it was bound to keep within the rates prescribed by § 100, as appearing in St. 1946, c. 174, § 1, of the act and as affected within lawful limits by the rules made in accordance with said section by the commissioner of banks of the Commonwealth. Of course, these rules and regulations, some of which are set out in the record, are of no materiality, save only as they were involved in fixing the rate of interest. This is true even if the present small loans act does not, as did St. 1908, c. 605, expressly exempt banks and banking institutions from its application. Indeed, the validity of the earlier act was challenged upon the ground that this exemption violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States but the statute was upheld on the ground that the evil sought to be reached by that statute did not arise from the making of small loans by national banks or by banking institutions under the supervision of the commissioner of banks. *Mutual Loan Co.* v. *Martell,* 200 Mass. 482, affirmed 222 U. S. 225. *Dewey* v. *Richardson,* 206 Mass. 430. The only bearing the small loans act has on the present case is upon the question whether it can be found that the plaintiff in making the loan has complied with the rates of interest prescribed by the act. We need only to point out that the

terms of the note do not comply in all respects with the rates of interest designated by the act. It is plain from the rulings of the judge on the requests that he found that the loan was not made in accordance with § 100, as amended, of the small loans act but was made at the rates permitted by G. L. (Ter. Ed.) c. 140, § 90, as amended, and further that the rate charged was not excessive. The question then is what was the amount of interest the defendant was obligated to pay on the loan as prescribed by this last section.

The rate of interest that may be charged for a loan of less than $1,000 "made at a rate of more than six per cent per annum"[1] is not stated categorically in § 90, but it is prescribed effectively although indirectly by providing in general that the borrower may discharge his obligation by paying or tendering the amount due with interest if the rate is not more than 18% per annum, but if the interest is in excess of 18% a year, with interest at this last mentioned rate and in either case together with a sum not exceeding $5 for the actual expenses of making and securing the loan, and further providing that, if an action is brought to collect the loan, the verdict or finding shall in no event exceed the amount that would be required to discharge the indebtedness at the time of the verdict or finding. The waiver by the debtor of any of the benefits given by this section or a release of any of the rights granted to him by this section shall be deemed to be against public policy and void. A loan subject to this section calling for interest in excess of 18% is not unlawful or void but the borrower cannot be required to pay a higher rate of interest even if he has agreed in writing to do so. *Reed* v. *Boston Loan Co.* 160 Mass. 237. *Colby* v. *Bissell*, 198 Mass. 315. *Spofford* v.

---

[1] The note, if its terms were observed, would mature on January 5, 1952, when the last instalment became due and payable. Without considering the rates of interest covered by the note if it was not paid at the date fixed for maturity, or the rate to be charged if maturity was accelerated, or the amounts to be charged in the case of delayed instalments, the amount charged to the borrowers at the time the loan was made was slightly over 6% per annum reckoned upon the sum actually received by them.

*State Loan Co.* 208 Mass. 84. *Shawmut Commercial Paper Co.* v. *Brigham,* 211 Mass. 72. *Levin* v. *Wall,* 290 Mass. 423. *List Finance Corp.* v. *Sherry,* 298 Mass. 533. While in a sense it might be said that no particular rate was fixed by the law of this Commonwealth on loans for less than $1,000 and calling for more than 6% interest, yet the plaintiff cannot proceed on the theory that, no rate being fixed, it could charge "a rate not exceeding 7 per centum, or 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater . . . ." U. S. C. (1946 ed.) Title 12, § 85. In *Daggs* v. *Phoenix National Bank,* 177 U. S. 549, it appeared that the laws of the territory of Arizona provided that, in the absence of an express agreement fixing a different rate of interest, interest at the rate of 7% should be allowed but parties might agree in writing on any rate of interest whatever, and it was contended that, no rate being fixed by law, national banks could not charge a rate greater than 7%. It was held that the proper interpretation of what is now § 85 was that, where no rate was "fixed by the laws" of the State, the rate must be construed to mean one "allowed by the laws," not a rate expressed in the laws (page 555). Section 90 gives rise to a similar situation; it does not designate a rate but allows rates to be charged and enforced up to 18% depending on the rate agreed upon by the parties.

The loan having been properly found to be made at the rate allowed by § 90, we are not concerned with the rate of interest to be charged as the parties have agreed in that event upon the amount of the unpaid balance and the rate of interest to be computed thereon.

The remaining question is whether the plaintiff is entitled to recover an attorney's fee as provided for in the note. An attorney's fee in a fair and reasonable amount is generally regarded in the nature of an indemnity to the creditor in saving him harmless from the expenses incurred in prosecuting an action for the collection of his claim which

became necessary because of the default of the debtor to pay. The obligation of the debtor to pay an attorney's fee arising out of an action to satisfy the debt upon neglect of the debtor to do so as he had agreed has generally been held to be valid. *Leventhal* v. *Krinsky,* 325 Mass. 336. Williston, Contracts (Rev. ed.) § 1694. Restatement: Contracts, § 533. 17 A. L. R. (2d) 288.

But in determining the permissible rate of interest allowable by § 90 we must take into consideration the limitations imposed upon the amount which the lender can collect.

The main purpose of the section is to determine and limit what shall be charged for the use of money. It does this affirmatively by mentioning specific rates and negatively by excluding all expenses arising out of or incidental to the loan except one for $5 already mentioned. Elimination of all other expenses is an essential and natural part of the legislative scheme for prescribing the allowable rates of interest. The section precisely and definitely fixes the items that should be included in computing the amount which the borrower should pay or tender in order to secure his discharge prior to any action to collect by the lender. Obviously, no attorney's fee is included in determining the amount due for a discharge of the debt without suit because no liability for such fee has been incurred by the lender. The section expressly provides that, where an action is brought for the collection of the loan, the verdict or finding for the plaintiff "shall in no event exceed the amount that would be required to discharge, by payment or tender, the indebtedness at the time of such verdict or finding." The conclusion is inevitable that, no attorney's fee being due or payable at the time of a discharge, none was due and payable where the amount of recovery in the action is the same as the amount for which the debtor upon payment or tender would be entitled to be discharged. In the event of a discharge § 90 excludes every expense other than interest with the exception of a charge not exceeding "$5 for the actual expenses of making and securing the loan." The implication is plain that no other expense is allowable. The

judge was right in refusing to find that the plaintiff was entitled to recover an attorney's fee.

The parties have stipulated that, if the judge found that the amount due the plaintiff was to be determined by the rates fixed by § 90, the plaintiff was entitled to recover $257.89 being the unpaid balance at the date of the writ together with interest at the rate of 18% on $224.50 (being $274.50 the amount actually lent by the plaintiff less $50 paid by the defendants) from the date of the writ to the date of the finding. The judge found that the loan was made under § 90, and found for the plaintiff in accordance with the stipulation. In making up the judgment interest should be computed at the last mentioned rate on said $224.50˙ to the entry of the judgment. The note having then been merged in the judgment, the judgment will carry interest at the rate of 6% until paid. G. L. (Ter. Ed.) c. 235, § 8. *Brannon* v. *Hursell,* 112 Mass. 63. *Union Institution for Savings* v. *Boston,* 129 Mass. 82. *Bowers* v. *Hammond,* 139 Mass. 360. *Lamprey* v. *Mason,* 148 Mass. 231.

In view of what has been said we need not discuss the rulings made on the various requests. We are satisfied that the general finding gave the plaintiff all that it was entitled to recover.

*Order dismissing report affirmed.*