**James D. ELIAS, Plaintiff, Appellant,**

v.

**FORD MOTOR COMPANY,**
**Defendant, Appellee.**

**Nos. 83–1618, 83–1667.**

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1984.

Decided May 15, 1984.

464

Frederic N. Halstrom, Boston, Mass., with whom Peter A. Donovan, Washington, D.C., Barbara A. Smart, Revere, Mass., and The Law Offices of Frederic N. Halstrom, Boston, Mass., were on brief, for plaintiff, appellant.

Andrew J. McElaney, Jr., Boston, Mass., with whom Charles R. Parrott, Eric I. Lisman, and Nutter, McClennen & Fish, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, GIGNOUX,* Senior District Judge, and MAZZONE,** District Judge.

GIGNOUX, Senior District Judge.

On April 14, 1982, a jury awarded appellant James D. Elias, the successful plaintiff in this product liability case, the sum of $821,375.00 in damages to compensate him for personal injuries resulting from the negligence of appellee Ford Motor Company. Adjusting the verdict to reflect a prior settlement with another defendant, on April 23, 1982, the district court entered judgment for Elias in the amount of $816,-375.00, plus prejudgment interest at 8% from October 2, 1978, the date the complaint was filed, to April 23, 1982, the date of the judgment, in the amount of $232,-394.82, for a total of $1,048,769.82, plus plaintiff's costs to be taxed. After denial of its post-trial motions, Ford filed a notice of appeal on July 9, 1982. Elias did not

---

* Of the District of Maine, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

cross-appeal. We affirmed the judgment of the district court in an unreported opinion on April 8, 1983, 714 F.2d 109, and issued our mandate on May 2, 1983.

During the interval between the entry of the district court's judgment and the filing of Elias's appeal, the event occurred which gives rise to this second appeal. On June 28, 1982, Mass.Gen.Laws, ch. 231, § 6B, which determines the rate of interest in tort actions, was amended.[1] *See* 1982 Mass.Acts, ch. 183. The amendment provided for interest at the rate of 12% per annum and was made applicable to all actions in which damages are assessed on or after July 1, 1982, the effective date of the amendment. The district court had computed interest in its April 23, 1982 judgment pursuant to the 1974 amendment to chapter 231, section 6B, which allowed interest at the rate of 8% per annum and was applicable to causes of action commenced on or after its effective date. *See* 1974 Mass.Acts, ch. 224.

On July 8, 1983, Elias filed a motion to amend the judgment of April 23, 1982, to reflect prejudgment interest at 12% per annum, as provided by the 1982 amendment. Elias's motion also requested that execution issue awarding him post-judgment interest at the same 12% rate.

On July 29, 1983, the district court entered its memorandum of decision and order denying Elias's motion. The court did not reach the merits of Elias's claim that interest should be determined in accordance with the 1982 amendment to chapter 231, section 6B. The court held that the motion to amend was not timely filed under Fed.R.Civ.P. 59(e); that Elias was not entitled to relief under Fed.R.Civ.P. 60(a) or 60(b)(1); and that, in any event, the court lacked power to amend a judgment affirmed by the Court of Appeals. The court

granted Elias's motion for execution, but, citing *Rockland-Atlas National Bank of Boston v. Murphy*, 329 Mass. 755, 761, 110 N.E.2d 638, 642 (1953), awarded post-judgment interest only at the rate of 6% per annum, that established for debts by Mass. Gen.Laws, ch. 107, § 3.

Thereafter, Ford having paid into the court the full amount of the judgment, post-judgment interest, and costs, in the amount of $1,127,654.74, the district court on August 8, 1983 entered another order directing the clerk to enter a satisfaction in full of the judgment. Elias appeals from both the July 29 and August 8, 1983 orders. We affirm.

### *Prejudgment Interest*

We need not determine the merits of Elias's contention as to the applicability of the 1982 amendment to chapter 231, section 6B, because we agree with the district court that it no longer had power to amend its judgment once we affirmed the judgment on appeal. A mandate is completely controlling as to all matters before the appellate court and disposed of by its decree. *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers*, 460 F.2d 105 (5th Cir.1972); *see* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[10] (2d ed. 1983). Since our affirmance encompassed the entire judgment, including the award of prejudgment interest, the district court lacked power to modify the judgment to increase the rate of prejudgment interest. *See Briggs v. Pa. R.R.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); Fed.R.App.P. 37 advisory committee note. Any request to amend the interest award should have been addressed to this court, either in a timely petition for rehearing or by a motion for recall of our

---

1. Chapter 231, section 6B, as amended, provides:

   In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law. Mass.Gen.Laws Ann., ch. 231, § 6B (West Supp.1983).

mandate. *See* 1B J. Moore, J. Lucas & T. Currier, *supra* at 171.

In any event, even assuming that the district court was not bound by our mandate on the prior appeal, the district court correctly concluded that Elias's motion to amend the April 23, 1982 judgment was not timely filed under Rule 59(e) and that Elias was not entitled to relief under Rule 60.

■ A motion under Rule 59(e), which authorizes motions to amend or alter judgment, must be served not later than 10 days after entry of the judgment.[2] This strict ten-day limitation cannot be extended. Fed.R.Civ.P. 6(b). As the district court judgment was entered on April 23, 1982, and Elias's motion was not filed until July 8, 1983, it came too late and was properly denied. *Scola v. Boat Francis R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980); *Morgan Guaranty Trust Co. v. Third National Bank,* 545 F.2d 758, 760 (1st Cir.1976); *Silk v. Sandoval,* 435 F.2d 1266, 1268 (1st Cir.) *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971); *see* 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2817 at 109 (1973). Elias argues that his motion was not within the scope of Rule 59(e) because it addressed an issue collateral to the main cause of action. He cites *White v. N.H. Dep't of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), in which the Supreme Court held that a post-judgment motion for an award of attorney's fees under 42 U.S.C. § 1988 was not governed by Rule 59(e). His reliance on *White* is misplaced. In *White,* the Court noted that an award of attorney's fees under section 1988, is "uniquely separable" from the main cause of action and, " 'does not imply a change in the judg-

ment.' " *White,* 455 U.S. at 452, 102 S.Ct. at 1166. In contrast, the district court judgment in this case expressly included an award of interest and the relief sought by Elias would necessarily require a change in the judgment.

■ Elias's attempts to avoid the procedural bar to relief under Rule 59(e) by invoking Rules 60(a) and 60(b) to support his claim are equally unpersuasive. A Rule 60(a) motion may be brought "at any time," but is limited to correcting "[c]lerical mistakes in judgments ... arising from oversight or omission."[3] At the time judgment was entered on April 23, 1982, the controlling law in Massachusetts set the rate for prejudgment interest at 8%, the rate applied by the district court. An award of prejudgment interest based upon the deliberate choice of the district judge reflects an interpretation of law which, even if erroneous, cannot be corrected under Rule 60(a). *Scola v. Boat Francis R., Inc.,* 618 F.2d at 152–53; *Morgan Guaranty Trust Co. v. Third National Bank,* 545 F.2d at 759–60; *see also Warner v. City of Bay St. Louis,* 526 F.2d 1211 (5th Cir.1976); *Chicago & N.W. Ry. v. Union Packing Co.,* 527 F.2d 592 (8th Cir.1976). Here, the interest rate included in the judgment resulted from the correct application of the statutory rate at that time and reflected a deliberate choice made by the district judge. Plainly, it was not a clerical error or omission subject to correction under Rule 60(a).

■ Similarly, Elias's motion did not meet the prerequisites for relief under Rule 60(b). Rule 60(b)(1) allows relief from a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect."[4]

---

**2.** "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

**3.** "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed.R.Civ.P. 60(a).

**4.** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made ... not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b)(1).

Any motion made pursuant to this rule must be made within one year after entry of the judgment. Filed on July 8, 1983, more than 14 months after judgment was entered, Elias's motion to amend, treated as a motion for relief from judgment under Rule 60(b)(1), was not timely filed. Moreover, even if the motion had been timely filed, this Court has consistently held that "mistake, inadvertence, surprise, or excusable neglect" does not include errors of law. *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d at 760; *Scola v. Boat Francis R., Inc.*, 618 F.2d at 153–54; *Silk v. Sandoval*, 435 F.2d at 1267–68.

■ The only other possibly applicable provision of Rule 60(b) is subsection (6), which provides that a party may be relieved from a judgment for "any other reason justifying relief from the operation of the judgment."[5] While a Rule 60(b)(6) motion may be made "within a reasonable time," such a motion may not be used as a substitute for an appeal. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950); *Lubben v. Selective Service System*, 453 F.2d 645, 651–52 (1st Cir.1972). Here, the 1982 amendment to the Massachusetts interest statute was enacted on June 28, 1982, and became effective on July 1, 1982. Ford noticed its appeal on July 9, 1982, and Elias had until July 22, 1982 to file a cross-appeal raising the prejudgment interest issue. *See* Fed.R.App.P. 4(a)(3). He does not claim that his counsel was unaware of the change in the law, but even the failure of counsel to note the amendment would not provide grounds for Rule 60(b)(6) relief. *Scola v. Boat Francis R., Inc.*, 618 F.2d at 155. Having failed to appeal, Elias was not entitled to claim relief under Rule 60(b)(6)

almost one year after his time to appeal had expired.

### Post-Judgment Interest

We will not disturb the district court's determination that the rate of post-judgment interest under Massachusetts law is 6%.

■ The parties agree that under the version of 28 U.S.C. § 1961 in force on April 23, 1982, when the judgment in this case was entered, state law determined the rate of interest on a money judgment recovered in a district court in a civil case.[6] Post-judgment interest under Massachusetts law is governed by Mass.Gen.Laws Ann., ch. 235, § 8 (West Supp.1983), which provides that "every judgment for the payment of money shall bear interest from the day of its entry," but does not fix the rate. Elias contends that the 12% rate prescribed by the 1982 amendment to chapter 231, section 6B should apply to the entire period from commencement of the action until the judgment is satisfied. We agree with the district court, however, that chapter 231, section 6B governs only the rate of prejudgment interest. *See Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 550 F.Supp. 231, 248 (D.Mass.1982), *aff'd in part, rev'd in part*, 708 F.2d 1 (1st Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). As Judge Keeton observed in *Bonanno*, chapter 231, section 6B directs the clerk of court to add interest to the amount of damages at the time the judgment is entered; the statute does not speak to post-judgment interest. *Id.* at 248 n. 3. Absent any explicit statutory provision setting the rate of interest for the post-judgment period, the district court

---

**5.** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time...." Fed.R.Civ.P. 60(b)(6).

**6.** "Interest shall be allowed on any money judgment in a civil case recovered in a district

court.... Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." 28 U.S.C. § 1961 (1982).

Effective October 1, 1982, 28 U.S.C. § 1961 now provides that post-judgment interest shall be calculated by reference to the current yield on 52-week United States Treasury Bills. 28 U.S.C. § 1961 (Supp.1983).

properly applied the legal rate of interest for debts in general, fixed at 6% by Mass. Gen.Laws, ch. 107, § 3.[7] *See Rockland-Atlas National Bank of Boston v. Murphy,* 329 Mass. at 761, 110 N.E.2d at 642.

*Affirmed.*

---

**7.** "If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year ...." Mass.Gen.Laws Ann., ch. 107, § 3 (West 1958).