919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald VOS, Plaintiff-Appellant,
v.
The VILLAGE OF NEW WATERFORD, A Municipal Corporation, et
al., Defendants-Appellees.
 No. 90-3699.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal on the basis of a late notice of appeal. Appellant has responded stating that because he was transferred from an Ohio to a Pennsylvania prison his time for filing a motion for reconsideration was tolled. To ensure that such time was tolled, he filed a motion in the district court to hold all action in abeyance pending his release from the Pennsylvania correctional facility.
 
 
 2
 A review of the record indicates that the final order of the district court dismissing appellant's civil rights action was entered September 6, 1988. On September 13, 1988, he filed a motion to hold all actions in abeyance pending his release from a Pennsylvania correctional facility. He filed a motion for reconsideration of the 1988 decision on May 10, 1990. A motion for reconsideration has been held to be analogous to a Fed.R.Civ.P. 59(e) motion to alter or amend. Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201 (6th Cir.1990); Kennedy v. City of Cleveland, 797 F.2d 297, 305 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). Such motion was not served within ten days of entry of judgment as prescribed by Fed.R.Civ.P. 59(e) and failed to toll the appeal period provided by Fed.R.App.P. 4(a). See Kennedy, 797 F.2d at 304-05. The district court is without power to enlarge the ten-day period for filing a Fed.R.Civ.P. 59(e) motion. Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir.1988); Marane, Inc. v. McDonald's Corp., 755 F.2d 106, 111 (7th Cir.1985); Elias v. Ford Motor Co., 734 F.2d 463, 466 (1st Cir.1984); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam). Reconsideration was denied by ruling entered June 13, 1990, and appellant appealed on July 3, 1990. Such notice of appeal as it applies to the 1988 decision was approximately 21 months late. Fed.R.App.P. 4(a) and 26(a). Although the notice of appeal was filed within thirty days after the entry of the ruling denying the motion for reconsideration, such ruling is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976); Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 It is ORDERED that the motion to dismiss be granted and the appeal be, and it hereby is, dismissed. Rule 8, Rules of the Sixth Circuit.